**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Monroy,<br><br>Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | Case No. 4:18-CV-00341-JAS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff's Complaint, Defendant The Lincoln National Life Insurance Company ("Lincoln") admits, denies, and alleges as follows:

1. Lincoln admits this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. and admits this Court has jurisdiction over this matter. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff was, at certain times, employed by Jim Click Automotive/TCAG, Inc. ("TCAG") and a participant in the TCAG, Inc. Group Short

Term Disability Plan (the "STD Plan") sponsored by TCAG, which plan was insured, at least in part, by the Off-The-Job Weekly Disability Income Insurance Policy (the "STD Policy") issued by Lincoln to TCAG. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it is licensed to do business in Arizona and that the benefit plans at issue in this action are "employee welfare benefits plans" as defined by ERISA. Lincoln admits it issued a Group Long-Term Disability Insurance Policy (the "LTD Policy") to TCAG, which Policy, at certain times, insured benefits paid by the TCAG, Inc. Long Term Disability Plan (the "LTD Plan") sponsored by TCAG. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits Plaintiff was, at certain times, a participant in the STD Plan and the LTD Plan sponsored by TCAG, which plans were insured, at certain times, by the relevant Policies. Lincoln admits that the benefit plans at issue in this action are "employee welfare benefits plans" as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that the allegations contained in Paragraph 5 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits that the benefit plans at issue in this action are "employee welfare benefits plans" as defined by ERISA and that, as the insurer of the STD Plan and the LTD Plan, Lincoln is the proper Defendant. Lincoln specifically denies, however, that Plaintiff's bringing of this action and Lincoln's admission of being a proper party give rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief

against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that the allegations contained in Paragraph 8 constitute legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln denies all allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff made a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits that it sent a letter to Plaintiff dated April 25, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it sent a letter to Plaintiff dated April 25, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that reviews by health care professionals are contained in the administrative record

regarding Plaintiff’s claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that it sent a letter to Plaintiff dated April 25, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a first level appeal of the termination of benefits from STD Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff submitted a first level appeal of the decision to terminate benefits from STD Plan, along with additional documentation, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that it sent a letter to Plaintiff dated June 20, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits Plaintiff submitted a second level appeal of the decision to terminate benefits from STD Plan, along with additional documentation, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the

letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits only that its decisions on Plaintiff's claim for STD benefits were based on the administrative record regarding Plaintiff's claim for benefits from the STD Plan and governed by the terms of the STD Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits Plaintiff was, at certain times, employed as a Service Advisor by TCAG. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. To the extent that the allegations contained in Paragraph 40 seek to interpret the provisions of the STD Policy, Lincoln refers to the STD Policy itself as

the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. To the extent that the allegations contained in Paragraph 41 constitute legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for STD benefits were based on the administrative record regarding Plaintiff's claim for benefits from the STD Plan and governed by the terms of the STD Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that documents in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy contain

information concerning Plaintiff's own occupation, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that reviews by health care professionals are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

**COUNT I**

**DECLARATORY JUDGMENT**

55. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 54 of the Complaint as though fully set forth in response to Paragraph 55 of the Complaint.

56. Lincoln admits it issued the STD Policy to TCAG, which Policy, at certain times, insured benefits paid by the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies all allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies all allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits that by this action, Plaintiff is seeking recovery of short-term and long-term disability benefits, along with other damages, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plans under the STD Policy and the LTD Policy was an abuse of discretion because the STD Policy and the LTD Policy contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy and the LTD Policy and the documents governing the Plans, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff failed to exhaust administrative remedies prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) from the LTD Plan under the LTD Policy.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the STD Policy and the LTD Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 20th day of September 2018.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant

///

///

///

///

///

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2018, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Barry Kirschner
bkirschner@waterfallattorneys.com
Attorneys for Plaintiff

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.