WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ 85711
(520) 745-7810

Barry Kirschner/SBN 005592/PAN 31284
bkirschner@waterfallattorneys.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**Luis Monroy**,

Plaintiff,

vs.

**The Lincoln National Life Insurance Company**,

Defendant.

No. CV-18-00341-TUC-JAS

**JOINT CASE MANAGEMENT PLAN**

Pursuant to the Court Order filed September 24, 2018 (Document 8), the undersigned parties submit the following Joint Case Management Plan:

**1. The nature of the case, setting forth the factual and legal basis of Plaintiff's claims and Defendants' defenses.**

Plaintiff Luis Monroy ("Monroy") is a beneficiary of the group short term disability plan of TCAG, Inc. insured by the Lincoln National Life Insurance Company ("Lincoln"). The case is governed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1101 et seq.

**Plaintiff:** Luis Monroy (Monroy) was an Automobile Repair Service Estimator (Estimator) for the Jim Click Auto Group (TCAG) where he had been continuously employed since April 1995 until he became disabled. The physical requirements of

Monroy's position, his regular occupation, included repeated, regular and extended sliding, twisting and bending, pulling pushing, stooping, stretching and reaching; up to 8 consecutive hours of standing and walking on cement, unusual parking lot surfaces and other interior and exterior flooring surfaces; and repeated lifting of vehicle hoods and trunks.

Monroy has suffered low back pain for almost a decade, with attempts at surgical intervention to improve his condition including an August 2015 laminectomy, and a December 2015 lumbar fusion. Further attempts at pain relief include medial branch nerve blocks in December 2016. As of January 2017 prescribed medications to gain relief from this persistent pain included oxycodone, diazepam, gabapentin and Piroxicam. Tucson Pain Management specialist Eric Cornidez physical examination of February 2017 also diagnosed facet loading over tender sacroiliac joints.

Treating Primary Physician Dr. Wohl's opinion, expressed consistently in January and May 2017 that Monroy had so much pain at least 2-3 times each week that his mobility was severely affected and that at these times he is unable to walk or get out of bed. Wohl believes that Monroy's immobility renders him unable to work. The insurance company reviewer, Dr. Luna stated that Monroy has significant pain on a daily basis and that he has no ability to function while his back is in spasm. Luna reported that Monroy's reports of difficulty driving a car due to the sedating effects of the pain medications is credible. The insurance company medical reviewer stated: "Within the limitations of the documentation available I would recommend restriction from twisting and stooping (never)."

In spite of the support of multiple treating physicians and acknowledgment of the insurance company reviewer that he should be restricted from doing tasks described as a necessary part of his occupation, Monroy's claim for STD benefits was terminated shortly after it had been granted, and the appeal of that termination was denied by insurer Lincoln National.

**Defendant**: Monroy's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint. Lincoln contends Plaintiff is not entitled to recover the short-term disability benefits that she seeks from Lincoln because Plaintiff was not "disabled" as that term is defined by the relevant Policy. Additionally, the Court's review of Lincoln's claim decision should be based on abuse of discretion as the relevant documentation grants discretionary authority to Lincoln. Lincoln did not abuse its granted discretion in finding that Plaintiff was not disabled based on the administrative record that was before it at the time it denied Plaintiff' appeal of the termination of her benefits. Lincoln's determinations on Plaintiff's claims for short-term disability benefits was reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. To the extent that any benefits are owed, which Lincoln disputes, Lincoln asserts an offset of all "Other Income Benefits" as defined by the Policy must be applied to the benefits. Lincoln is entitled to recover their attorneys' fees from Plaintiff under ERISA, specifically 29 U.S.C. § 1132(g).

**2. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.**

**Plaintiff:** Monroy believes that the issues are whether Lincoln has violated its contract by denying a claim, which is fully supported, relying on medical opinions from a physician who never met the patient, to overrule treating physicians. The insurance company medical reviewer concedes that Monroy is credible in having difficulty walking, driving, and getting out of bed, and agrees that any employment should never include twisting and stooping. Plaintiff notes that defendant has listed numerous affirmative defenses including some which appear to have no basis in fact. (E.g. statutes of limitations, and failure to exhaust administrative remedies.) Plaintiff attempted to narrow

the issues which may be presented to the court with a letter sent September 24, 2018 to defense counsel asking that her client reconsider some of the defenses it has raised in its pleading.

Monroy's claim for short term disability (STD) dates back to his January 31, 2017 application. Monroy dealt with his claim, and the insurer (Defendant Lincoln) without representation. The final denial of Monroy's last appeal was made March 19, 2018, almost 14 months after his disability claim was filed. Monroy filed this civil action July 12, 2018 after retaining counsel to recover STD benefits. Lincolns formal Answer included the Affirmative Defense of Statute of Limitations. (See Answer affirmative defense 6, Document 6).

Twenty one months after becoming disabled, Lincoln now takes the position that Monroy should have his civil action "stayed", waiting for a determination later to be made by Lincoln. Defendant describes (in its suggested language for this Joint Report) that Monroy's claim is still pending. But that claim was formally denied (after it has requested and given itself an extension) on September 18, 2018. Monroy is required to file an administrative appeal to challenge that decision. That administrative appeal is not due for filing until March 15, 2019. Monroy's Counsel will diligently follow up on medical records and witness statements to give Monroy the best chance of prevailing on that administrative appeal while it is at a stage where its litigation adversary Lincoln remains in control of the decision. The preparation of an appeal requires study and accumulation of additional evidence, such as the records created for further treatment following the highly invasive spine surgery which has taken place October 2, 2018. That surgery has confirmed part of Monroy's spinal problems has come from a non-union of L4-L-5, which is further corroboration for his medical providers' opinions that Monroy is (and has been) disabled.

Disability insurance is part of a **safety net**, earned by decades of being a diligent employee within the Jim Click Automotive Group, an employer not a defendant in this action. This type insurance, STD, is never sold with the premise that if the employee is

disabled that two and one half years later he may proceed with a civil action to try to recover his benefits. Monroy believes that his STD case should proceed as quickly as reasonable administration allows towards a just result. No stay should postpone eventual relief which may be due.

**Defendant**: Lincoln did not abuse its granted discretion in finding that Plaintiff was not disabled based on the administrative record that was before it at the time it denied Plaintiff' appeal of the termination of her benefits. Plaintiff's claim for long-term disability benefits from the Plan remain pending and no final decision has been rendered by Lincoln on that claim. Due to the overlapping nature of the short-term and long-term disability claims, Lincoln believes the most appropriate course of action would be to stay this litigation until the long-term disability benefit claim is fully decided by Lincoln, including the exhaustion of all mandatory appeals. Counsel for Lincoln has suggested to Plaintiff's counsel that the parties file a motion to stay the case, but counsel for Plaintiff has refused to agree to this course of action. If the long-term disability claim is denied, it will mean that there will be two actions with similar issues that could have been combined to promote judicial economy. With regard to its affirmative defenses in its answer (Doc 6), Lincoln states that its affirmative defenses 4-6 are not proper subjects for a Rule 12(b)(6) motion to dismiss, as these will require clarification going forward with regard to the arguments and positions taken by Plaintiff.

**3. The jurisdictional basis of the case, citing specific statutes.**

29 U.S.C. § 1132 (a)(1)(B) and (a)(3).

**4. The parties, if any, that have not been served.**

The Parties agree that Defendant Lincoln has been served and has appeared in the lawsuit. Plaintiff Monroy has gone out of his way to avoid naming the TCAG, his former employer's Plan as a defendant in this matter. Monroy has hoped, and communicated this

hope to defendant Lincoln, that all relief could come from the insurer of the Plan. Monroy has received reasonable assurance that compete relief can be granted by defendant Lincoln should Monroy succeed on his claim. Monroy will not move the Court for the opportunity to add TCAG as a defendant to enable complete relief to be obtained.

**5. The names of parties not subject to the Court's jurisdiction;**

For reasons explained in paragraph 4 above, the TCAG Plan is not a defendant and within the court's jurisdiction. Monroy has received reasonable assurance that compete relief can be granted by defendant Lincoln should Monroy succeed on his claim. Monroy will not move the Court for the opportunity to add TCAG as a defendant to enable complete relief to be obtained.

**6. Whether there are further dispositive or partially dispositive issues to be decided by pre-trial motions.**

**Plaintiff:** Defendant has listed affirmative defenses such as failure to exhaust administrative remedies and statute of limitations which would properly be the subject of a Motion to Dismiss if there is factual and legal support for those positions. Monroy has asked defendant for the factual and legal bases for those positions, and has received no substantive reply. Monroy believes that this matter, like most disability insurance disputes subject to the Employee retirement Income Security Act (ERISA) will likely be decided by the court following the submission of cross motions for summary judgment and that trial will be unnecessary.

Monroy repeats his position on Defendant's request to "stay the action." (See #2 above.)

Monroy's claim for short term disability (STD) legal dates back to his January 31, 2017 application. Monroy dealt with his claim, and the insurer (Defendant Lincoln) without representation. The final denial of Monroy's last appeal was made March 19, 2018, almost 14 months after his disability claim was filed. Monroy filed this civil action July 12, 2018 after retaining counsel to recover STD benefits. Lincolns formal Answer

included the Affirmative Defense of Statute of Limitations. (See Answer affirmative defense 6, Document 6).

Twenty one months after becoming disabled, Lincoln now takes the position that Monroy should have his civil action "stayed", waiting for a determination later to be made by Lincoln. Defendant describes (in its suggested language for this Joint Report) that Monroy's claim is still pending. But that claim was formally denied (after it has requested and given itself an extension) on September 18, 2018. Monroy is required to file an administrative appeal to challenge that decision. That administrative appeal is not due for filing until March 15, 2019. Monroy's counsel will diligently follow up on medical records and witness statements to give Monroy the best chance of prevailing on that administrative appeal while it is at a stage where its litigation adversary Lincoln remains in control of the decision. The preparation of an appeal requires study and accumulation of additional evidence, such as the records created for further treatment following the highly invasive spine surgery which has taken place October 2, 2018. That surgery has confirmed part of Monroy's spinal problems has come from a non-union of L4-L-5, which is further corroboration for his medical providers' opinions that Monroy is (and has been) disabled.

Disability insurance is part of a **safety net**, earned by decades of being a diligent employee within the Jim Click Automotive Group, an employer not a defendant in this action. This type insurance, STD, is never sold with the premise that if the employee is disabled that two and one half years later he may proceed with a civil action to try to recover his benefits. Monroy believes that his STD case should proceed as quickly as reasonable administration allows towards a just result. No stay should postpone eventual relief which may be due.

**Defendant**: Plaintiff's claim for long-term disability benefits from the Plan remain pending and no final decision has been rendered by Lincoln on that claim. Due to the overlapping nature of the short-term and long-term disability claims, Lincoln believes the most appropriate course of action would be to stay this litigation until the

long-term disability benefit claim is fully decided by Lincoln, including the exhaustion of all mandatory appeals. Counsel for Lincoln has suggested that the parties file a motion to stay the case, but counsel for Plaintiff has refused to agree to this course of action. If the long-term disability claim is denied, it will mean that there will be two actions of a very similar nature that could have been combined to promote judicial economy. Lincoln agrees with Plaintiff that the merits of this action may be determined through briefing on the administrative record to be filed with the Court on November 12, 2018 (see above). With regard to its affirmative defenses in its answer (Doc 6), Lincoln states that its affirmative defenses 4-6 are not proper subjects for a Rule 12(b)(6) motion to dismiss, as these will require clarification going forward with regard to the arguments and positions taken by Plaintiff.

**7. Whether the case is suitable for reference to arbitration, to a Master, or to a Magistrate for trial pursuant to 28 U.S.C. § 636(c).**

The parties do not request referral at this time.

**8. The status of related cases pending before other judges of this Court or before other courts.**

There are no related cases.

**9. A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), FED.R.CIV.P.**

Initial disclosures are to be made by December 6, 2018. Lincoln will file the Administrative Record with the Court by November 12, 2018.

**10. Suggested changes, if any, in the limitations on discovery set forth in Rule 26(b)(2), FED.R.CIV.P.**

See above.

**11. Proposed deadlines for:**

**(a) Completing discovery: March 31, 2019**

**(b) Filing dispositive motions: May 31, 2019**

The parties believe that cross-briefs on the administrative record should be filed by May 31, 2019 regarding the merits of this civil action.

**(c) Pretrial disclosure of witnesses and expert testimony pursuant to Rule 26(a)(2) and (3), FED.R.CIV.P.**

Disclosure of the Administrative Record (AR). Lincoln should be ordered to immediately file an appropriately numbered AR which includes all relevant documents ending with the July 12, 2018 filing of this civil action, by or before November 12, 2018. The Initial Disclosure Statement of both parties should be filed by December 6, 2018. Plaintiff is not yet able to determine whether witnesses, expert or otherwise, will be advisable until after he is provided the AR and all relevant information.

**(d) Lodging a proposed joint pretrial order.**

This should be reviewed, if necessary, after the Court's disposition of Summary Judgment motions.

**12. Estimated date that the case will be ready for trial and the estimated length of trial.**

**Plaintiff:** The likely resolution of this matter will be by dispositive motion. The AR may be supplemented by discovery. The likelihood of the need for a trial is low.

**Defendant:** Lincoln agrees that the likelihood for a trial is low and that the action will likely be resolved through dispositive motions. While Lincoln agrees that certain discovery may be considered by the Court, such documents will not necessarily become part of the administrative record.

**13. Request for jury trial.**

Not available in ERISA actions.

**14. The prospects for settlement, including whether any party wishes to have a settlement conference before another Magistrate Judge or U.S. District Court Judge, or other request of the Court for assistance in settlement efforts.**

Settlement between the Parties is unlikely. If the Parties agree that it has become likely they will jointly request referral to a Settlement Conference.

**15. Any unusual, difficult, or complex problems or issues requiring this case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2.**

None.

**16. Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.**

__**Plaintiff:**__ Requiring Defendant to immediately file any appropriate Motion to Dismiss, e.g. furthering its affirmative defenses of failure to exhaust and statute of limitations.

Monroy repeats his position on Defendant's request to "stay the action." (See #2 above.)

Monroy's claim for short term disability (STD) legal dates back to his January 31, 2017 application. Monroy dealt with his claim, and the insurer (Defendant Lincoln) without representation. The final denial of Monroy's last appeal was made March 19, 2018, almost 14 months after his disability claim was filed. Monroy filed this civil action July 12, 2018 after retaining counsel to recover STD benefits. Lincolns formal Answer included the Affirmative Defense of Statute of Limitations. (See Answer affirmative defense 6, Document 6).

Twenty one months after becoming disabled, Lincoln now takes the position that Monroy should have his civil action "stayed", waiting for a determination later to be made by Lincoln. Defendant describes (in its suggested language for this Joint Report) that Monroy's claim is still pending. But that claim was formally denied (after it has requested and given itself an extension) on September 18, 2018. Monroy is required to file an administrative appeal to challenge that decision. That administrative appeal is not due for filing until March 15, 2019. Monroy's Counsel will diligently follow up on medical records and witness statements to give Monroy the best chance of prevailing on that administrative appeal while it is at a stage where its litigation adversary Lincoln remains in control of the decision. The preparation of an appeal requires study and accumulation of additional evidence, such as the records created for further treatment following the

highly invasive spine surgery which has taken place October 2, 2018. That surgery has confirmed part of Monroy's spinal problems has come from a non-union of L4-L-5, which is further corroboration for his medical providers' opinions that Monroy is (and has been) disabled.

Disability insurance is part of a **safety net**, earned by decades of being a diligent employee within the Jim Click Automotive Group, an employer not a defendant in this action. This type insurance, STD, is never sold with the premise that if the employee is disabled that two and one half years later he may proceed with a civil action to try to recover his benefits. Monroy believes that his STD case should proceed as quickly as reasonable administration allows towards a just result. No stay should postpone eventual relief which may be due.

**Defendant:** Staying the litigation pending the resolution of Plaintiff's claim for long-term benefits from Defendant. With regard to its affirmative defenses in its answer (Doc 6), Lincoln states that its affirmative defenses 4-6 are not proper subjects for a Rule 12(b)(6) motion to dismiss, as these will require clarification going forward with regard to the arguments and positions taken by Plaintiff.

RESPECTFULLY SUBMITTED this 7th day of November, 2018.

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.

By *Is/ Barry Kirschner*
Barry Kirschner
Attorney for Plaintiff

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By *Is/* Iwana Rademaekers
Iwana Rademaekers
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Iwana Rademaekers
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254

____________________________
Denise Tinsley Bram