**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luis Monroy,<br>Plaintiff,<br>v.<br>Lincoln National Insurance Company,<br>Defendant. | No. CV-18-00341-TUC-JAS<br>**ORDER** |

The Court held a Case Management Conference at 2:00 p.m. in Courtroom 6A on November 14, 2018. *****The Court notes that some of the deadlines or matters addressed in this written Order may differ from what was orally discussed by the Court at the case management conference; this written Order is controlling and supersedes anything orally discussed at the case management conference.** Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED**:

A. Because Plaintiff claims that there is a structural conflict in this case, discovery will be permitted on the alleged conflict. *See Wilcox v. Metro. Life Ins. Co.*, No. CV 04-0926 PHX-DGC, 2009 WL 57053, at *3 (D. Ariz. Jan. 8, 2009). In light of this discovery, the Court concludes that the parties should comply with the MIDP with respect to alleged conflict issues. *See Peterson v. AT & T Umbrella Ben. Plan No. 1*, No. C-10-03097 JCS, 2011 WL 5882877, at *5 (N.D. Cal. Nov. 23, 2011). The parties need not comply with the MIDP with respect to coverage matters governed by the

administrative record. See Fed. R. Civ. P. 26(a)(1)(B)(i). MIDP responses shall be exchanged **on or before December 6, 2018.**

The parties shall file only a **Notice of Initial Disclosure** with the Clerk of the Court, rather than copies of the actual disclosures.

B. Defendant shall file the administrative record **on or before November 30, 2018.**

C. All discovery shall be completed **on or before March 31, 2019.**

D. Dispositive motions shall be filed **on or before May 31, 2019.** The parties must comply with LRCiv 12.1(c) in regards to motions to dismiss. *See* LRCiv 12.1(c) ("No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. The movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily."). If any Defendant files a motion to dismiss under Rule 12(b)(6) or 12(c) and if Plaintiff contends any further amendment of the Complaint can cure any alleged deficiency, Plaintiff must submit, no later than the time Plaintiff files a response to a motion to dismiss, a proposed amended complaint containing all further allegations Plaintiff could make. In the event a motion to dismiss is granted in any part, no leave will be granted to amend the Complaint beyond what is offered in that proposed amended complaint. A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments. The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11 pages.[1] See

[1] The Court notes that all motions and filings must comply with the Local Rules, and non-compliant filings may be disregarded or stricken as an attempt to subvert the Local

LRCiv 7.2(e). Parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case. While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues. The parties should raise all of their arguments for dismissal in one motion to dismiss as early as possible in the case, and raise all of their arguments for dismissal in one motion for summary judgment after discovery has closed. The Court views the filing of such multiple motions as an attempt to subvert the Local Civil Rules establishing page limits which encourage the parties to be concise in their arguments; if necessary, the parties may seek leave to exceed page limits to include all of their arguments in one motion to dismiss or one motion for summary judgment. Furthermore, filing successive motions to dismiss or motions for summary judgment after the Court has already resolved such a motion is extremely inefficient and often causes long and unnecessary delays as a case is essentially halted during the period between the filing of a dispositive motion and the Court's ultimate ruling on a dispositive motion after it has been fully briefed. If a party files a successive motion to dismiss or motion for summary judgment after such a motion has been resolved by the Court, the successive motion to dismiss or motion for summary judgment will likely be summarily denied as a motion for reconsideration. The Court also notes that if a party files an early summary judgment motion before discovery has closed, the Court will likely grant an opposing party's request to complete necessary discovery to properly oppose the motion; in such circumstances, the early motion for summary

---

Rules which encourage the parties to be concise in their arguments. See LRCiv 7.1(b)(1)("The body of all documents shall be typed, double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced . . . All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than . . . 10 letters per inch . . . or in a proportional font size **no smaller than 13 point**, including any footnotes. Pages of the document must be numbered. The left margin shall not be less than 1 ½ inches and the right margin shall not be less than ½ inch.)(emphasis added). Requests to exceed page limits (whether in the form of a motion, unopposed motion, or stipulation) will likely be denied, and as such, the parties should plan to be concise in their arguments and comply with the Local Rules on page limits and formatting. *See* LRCiv 7.2(e), 7.1(b)(1).

judgment would be denied without prejudice pending completion of necessary discovery. In light of the foregoing, the parties should strive to include all of their arguments in one motion to dismiss early in the case and one motion for summary judgment upon the close of discovery.

The parties have leave of the Court, pursuant to LRCiv 7.2, to file a motion, opposition, and reply. No other (supplemental) pleading will be considered by the Court, unless a motion for leave to file said pleading is granted by the Court.

All pleadings submitted for the court's review must comply with the filing, time, and form requirements of the Local Rules.

Any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents; any exhibits must be indexed with tabs which correspond to the Table of Contents. The Court will not consider documents which do not conform to these requirements.

E. The parties shall file a proposed Joint Pretrial Order **on or before June 7, 2019**, which shall include, but not be limited to, that prescribed in the form of Joint Pretrial Order attached.

If dispositive motions are filed, the proposed Joint Pretrial Order shall be filed thirty (30) days from the filing date of the Court order issuing a non-dispositive[2] decision on said motion(s).

F. It is the responsibility of Plaintiff's counsel to initiate the communication necessary to prepare this joint filing.

G. Motions in limine (which includes *Daubert*/Rule 702 motions) shall be filed no later than fourteen (14) days after the filing of the proposed Joint Pretrial Order. Responses to motions in limine are due fourteen (14) days after the filing of the motions in limine. Unless otherwise ordered by the Court, no replies are permitted and motions in limine and responses thereto shall not exceed five (5) pages. Typically, after the Court

[2] If a non-dispositive decision is issued, any party may file a motion seeking to stay the remaining deadlines in the case pending a settlement conference. In addition, the Court notes that it can set up a settlement conference with a Magistrate Judge at no cost to the parties.

has issued an Order addressing motions in limine, the Court will then issue Orders pertaining to dates for the trial, pretrial conference, and the filing of proposed jury instructions, voir dire and verdict forms. Motions in limine are discouraged if the parties can informally resolve the issues without Court intervention. Therefore, the parties must confer prior to the filing of a motion in limine to determine whether it can be avoided. Motions in limine must be accompanied by a notice of certification of conferral indicating that the parties have conferred to determine whether a motion in limine can be resolved through agreement, and have been unable to agree on a resolution of the motion. Motions in limine that do not contain the required certification may be stricken by the Court.

NOTE: The parties cannot, without Court approval, extend the deadlines imposed by the Court.

All motions/requests for extension of time shall comply with LRCiv 7.3.

All motions/requests for extension of discovery deadlines must also include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

***To avoid the appearance of impropriety by the Court or the parties and to preserve a proper record in the event of any appeal, all communication with the Court shall occur via a written motion filed into the official docket. The parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication. While the parties may give the Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-minute stipulation to adjust deadlines, all other communication with the Court shall occur via a written motion.

***The parties must file a proposed order with any motion or stipulation filed with the Court and such documents must comply with the applicable requirements in the local

rules. *See, e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona ("Manual").[3] All proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in either Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing procedures in detail).[4] In addition, if a motion is opposed, the opposing party shall file and email to chambers a proposed order denying the motion. To the extent the parties file any motions, responses, or replies as to substantive matters (such as motions for: injunctive relief, to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word or Word Perfect copies of the motions, responses, or replies to chambers. Lastly, the parties shall also email Word or Word Perfect copies of any separate statement of facts in support of, or in opposition to, summary judgment or other dispositive motions.

***Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court paper copies of all authority cited in the brief which shall be included in a binder with a table of contents and exhibit tags corresponding to the authority cited. Such authority includes, but is not limited to, case law, rules, statutes, regulations, and treatises. To the extent case law, rules, statutes, or regulations are cited, the entire case, rule, statute or regulation shall be included in the binder. The case law shall be organized in alphabetical order. To the extent treatises are cited, only the section(s) relied upon shall be included in the binder. As to all of the authority cited which must be included in the binder, the parties shall also tag (with a post-it) the specific page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise

[3] The Manual is on the District of Arizona Website; the specific link to the manual is: http://www.azd.uscourts.gov/azd/cm-ecf.nsf/files/$file/adm+manual.pdf

[4] Unless otherwise ordered by the Court, e-filing is mandatory for attorneys, but is inapplicable to pro se parties. *See* LRCiv 5.5.

that supports the citations of authority relied upon in their briefs. Within seven days after a document is filed, the parties shall provide the Court with paper copies in strict compliance with this Order and file a notice that they have strictly complied with the requirements in this Order; failure to timely file this required notice will be viewed as a party's admission that they have failed to comply with this Court's Order.[5] If an emergency motion is filed (including, but not limited to, a motion for a temporary restraining order, preliminary injunction, emergency stay, or other motion that warrants expedited action) that requires more immediate attention from the Court, the parties shall provide the required paper copies no later than one business day (or sooner if possible) after the motion, response or reply is filed pertaining to any emergency motion. If a party fails to submit the required authority binder and other paper copies required by this Order,[6] the Court may summarily deny or grant a motion as applicable to the party that failed to comply with this Order, and the Court may dismiss the case with prejudice or enter a default judgment as to the non-complying party.

Dated this 14th day of November, 2018.

Honorable James A. Soto
United States District Judge

[5] The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

[6] On rare occasions, the Court may find it necessary to issue an Order before the deadline to submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| *, | ) | |
| | ) | |
| Plaintiff(s), | ) | CV **-***-TUC-JAS |
| | ) | |
| vs. | ) | **PROPOSED JOINT PRETRIAL ORDER** |
| | ) | |
| *, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Pursuant to the Scheduling Order previously entered, following is the proposed Joint Pretrial Order which shall, upon approval of the Court, become the Final Pretrial Order.

**I.**

**IDENTIFICATION OF PARTIES AND COUNSEL**

**II.**

**STATEMENT OF JURISDICTION**

Briefly state the facts and cite the statutes which give this Court jurisdiction.

**III.**

**NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of action, and the relief sought.

**IV.**

**STIPULATIONS AND UNCONTESTED FACTS**

**V.**

**CONTESTED ISSUES OF FACT**

The following are issues of fact to be tried and determined upon trial. Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

**VI.**

**RELEVANT UNCONTESTED ISSUES OF LAW**

(i.e. burdens of proof; standards of review)

**VII.**

**RELEVANT CONTESTED ISSUES OF LAW**

The following are issues of law to be tried and determined upon trial. Each issue of law must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VIII.
## LIST OF WITNESSES

Each party shall provide a list of witnesses intended to be called at trial. Each witness shall be indicated as either fact or expert. A brief statement as to the testimony of each expert witness shall also be included.

## IX.
## LIST OF EXHIBITS

Each party shall provide a list of numbered exhibits. A statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit. If contested, a brief statement of the objection by the opposing party shall follow the listed exhibit.
(i.e., - 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated June 15, 2004. CONTESTED - Relevance, foundation and hearsay.)

## X.
## LIST OF DEPOSITIONS

Portions of depositions that will be read at trial must be listed by page and line number. A statement of either UNCONTESTED or CONTESTED shall follow. If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

## XI. MOTIONS IN LIMINE

Plaintiff(s) have filed the following Motions in Limine:

Defendant(s) have filed the following Motions in Limine:

## XII. JURY TRIAL or BENCH TRIAL
### For a Jury Trial

Trial briefs (only upon request of the Court), proposed voir dire, interrogatories to the jury, stipulated jury instructions and instructions which are not agreed upon, shall be filed as ordered by the Court.

**For a Bench Trial**

Trial briefs (only upon request of the Court), shall be filed as ordered by the Court day. Parties are referred to LRCiv 52.1 regarding the filing of proposed findings of fact and conclusions of law.

## XIII. PROBABLE LENGTH OF TRIAL

## CERTIFICATION

The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.

________________________ __________________________

Attorney for Plaintiff(s) Attorney for Defendant(s)

This proposed Joint Pretrial Order is hereby approved as the Final Pretrial Order on

Dated this *** day of ****, 20**.

________________________________________
Honorable James A. Soto
United States District Judge